UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO MORENO, individually and on behalf of all others similarly situated,<br><br>                                          Plaintiff,<br><br>v.<br><br>DASH LUBE, GHARDASH ENTERPRISES, INC., KAYLA CORP., collectively d/b/a as Jiffy Lube, PAYAM RYAN GHARDASH and POYA PAUL GHARDASH,<br><br>                                          Defendants. | Case No.:  18cv1922 DMS (AHG)<br><br>**ORDER DENYING JOINT MOTION TO DECERTIFY THE WAGE STATEMENT CLASS** |

On December 13, 2019, this Court certified the following class on Plaintiffs' wage statement claim:  "All current and former hourly service technicians who worked for Defendants at any of their Jiffy Lube automotive oil change shops at any time from August 17, 2014 through judgment."  (ECF No. 49.)  After that ruling, the parties engaged in numerous and lengthy settlement negotiations, and on July 24, 2020, they filed a Notice of Settlement.  (ECF No. 62.)  In that Notice, the parties reported they would be filing a joint motion to decertify the Wage Statement Class "within ten business days after execution of the formal settlement agreement."  (*Id.*)  That motion was filed on November 4, 2020.

1   After reviewing the motion, the record, and the relevant legal authority, the motion is

2   denied.

3     The legal basis for the parties' motion is Federal Rule of Civil Procedure

4   23(c)(1)(C), which states, "[a]n order that grants or denies class certification may be altered

5   or amended before final judgment."  Fed. R. Civ. P. 23(c)(1)(C).  The parties argue that

6   under this Rule, a court may decertify a class upon a showing of good cause, lack of

7   prejudice, and no undue delay.  (Mot. at 5.)  The parties also assert that decertification is

8   appropriate "'where materially changed or clarified circumstances have been shown that

9   would make the continuation of the class action improper.'"  (*Id.*) (quoting *Cook v.*

10  *Rockwell Int'l Corp.*, 181 F.R.D. 473, 478 (D. Colo. 1998)).

11    Here, the parties contend that "Defendants' precarious financial condition, in

12  combination with the very real possibility that Defendants would prevail on the issue of

13  liability, establish that good cause exists with respect to the Parties' request to decertify the

14  wage statement class." (Mot. at 8.)  There is some authority to support the parties' position

15  that a defendant's limited financial resources support decertification of a class.  (*See* Mot.

16  at 7) (citing *Barnett v. Experian Information Solutions, Inc.*, 236 F.R.D. 307 (E.D. Tex.

17  2006); *Gradisher v. Check Enf't Unit, Inc.*, 209 F.R.D. 392 (W.D. Mich. 2002)).  However,

18  in each of those cases, it appears there was independent evidence of the defendant's

19  precarious financial condition.  *See Barnett*, 236 F.R.D. 307 (defendant's bankruptcy

20  filing); *Gradisher*, 209 F.R.D. 392 (damages hearing).  Here, the only evidence of

21  Defendants' financial condition is the Declaration of Plaintiffs' Counsel Rod Johnston,

22  who states, "During Court-supervised settlement negotiations, Defendants represented to

23  both Plaintiff's Counsel and the Court that due to Defendants' precarious financial

24  condition, they would be unable to satisfy a class-wide judgment."  (Decl. of Rod M.

25  Johnston in Supp. of Mot., ¶14.)  Mr. Johnston also suggests that the settlement agreement

26  itself, "which calls for Defendants to pay Plaintiff and the opt-in plaintiffs a total of $42,000

27  with 15-month payment terms[,]" (*id.* ¶19), is evidence of Defendants' precarious financial

28  condition.

1    Although the Court has no reason to doubt Mr. Johnston's credibility, the Court finds

2    this evidence insufficient to warrant decertification of the Wage Statement Class.   In

3    *Ferrell v. Buckingham Prop. Mgmt.*, No. 119CV00332LJOSAB, 2020 WL 291042 (E.D.

4    Cal. Jan. 21, 2020), the court was presented with similar evidence on a motion for

5    preliminary approval of a settlement agreement.   In that case, the evidence was presented

6    to support the parties' discounted valuations of the plaintiffs' claims, and although the court

7    ultimately accepted the evidence on that motion, it stated, "'Courts should view such

8    assertions with great caution, as employers tend to make threats about inability to pay more

9    often than they are actually unable to pay.'"   *Id.* at *18 n.19 (quoting *Hunt v. VEP*

10   *Healthcare, Inc.*, No. 16-CV-04790-VC, 2017 WL 3608297, at *1 (N.D. Cal. Aug. 22,

11   2017).   The court stated these kinds of representations from counsel should "be supported

12   with detailed evidence[,]" and warned that on final approval, "'there should be a much

13   stronger showing before a defendant's financial hardship is taken into account.'"   *Id.*

14   (quoting *Hunt*, 2017 WL 3608297, at *1).   Just as with a motion for final approval, this

15   Court finds that a stronger showing of Defendants' financial hardship is required before

16   the Court will consider decertification.

17   The other basis for the present motion, namely Plaintiffs' apparent reconsideration

18   of the merits of their wage statement claim, is also insufficient to warrant decertification.

19   Indeed, other than the argument above concerning Defendants' financial condition, the

20   parties fail to explain why the wage statement claims of the Named Plaintiff and the twelve

21   opt-in plaintiffs are susceptible to settlement but the claims of the other 100-plus Class

22   Members are not.   "Having initially requested and then obtained certification of a class, the

23   named plaintiffs were duty-bound to represent the common interests of all the class

24   members." *Hanzly v. Blue Cross of W. New York, Inc.*, No. CIV-86-35E, 1989 WL 39427,

25   at *1 (W.D.N.Y. Apr. 3, 1989).   It is unclear to this Court whether the parties' settlement

26   agreement fulfills those duties.

27   "The prophylactic power accorded to the court presiding over a putative class action

28   under Rule 23(d) is broad; the purpose of Rule 23(d)'s conferral of authority is not only to

3

1  protect class members in particular but to safeguard generally the administering of justice

2  and the integrity of the class certification process." *O'Connor v. Uber Techs., Inc.*, No. C-

3  13-3826 EMC, 2014 WL 1760314, at *3 (N.D. Cal. May 2, 2014).  Considering these

4  responsibilities against the present record, the Court denies without prejudice the parties'

5  joint motion to decertify the Wage Statement Class.

6       **IT IS SO ORDERED**.

7  Dated:  December 31, 2020

8                                             Hon. Dana M. Sabraw

9                                             United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28