1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROBERTO MORENO, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> DASH LUBE, GHARDASH ENTERPRISES, INC., KAYLA CORP., collectively d/b/a as Jiffy Lube, PAYAM RYAN GHARDASH and POYA PAUL GHARDASH, <br><br> Defendants. | Case No.:  18cv1922 DMS (AHG) <br><br> **ORDER GRANTING RENEWED JOINT MOTION TO DECERTIFY THE WAGE STATEMENT CLASS** |
| --- | --- |

20   On December 13, 2019, this Court certified the following class on Plaintiffs' wage

21  statement claim:  "All current and former hourly service technicians who worked for

22  Defendants at any of their Jiffy Lube automotive oil change shops at any time from August

23  17, 2014 through judgment."  (ECF No. 49.)  After that ruling, the parties engaged in

24  numerous and lengthy settlement negotiations, and on July 24, 2020, they filed a Notice of

25  Settlement.  (ECF No. 62.)  In that Notice, the parties reported they would be filing a joint

26  motion to decertify the Wage Statement Class "within ten business days after execution of

27  the formal settlement agreement."  (*Id.*)  That motion was filed on November 4, 2020, and

28  in that motion, the parties asserted that "Defendants' precarious financial condition, in

1

1  combination with the very real possibility that Defendants would prevail on the issue of

2  liability, establish that good cause exists with respect to the Parties' request to decertify the

3  wage statement class." (ECF No. 68 at 8.)  The Court disagreed with that assertion, and

4  denied the motion.  (*See* ECF No. 71.)

5     The parties have now filed a renewed motion to decertify the wage statement class.

6  In this motion, the parties continue to assert that Defendants' financial condition weighs in

7  favor of decertification, and they have now filed evidence in support.   The parties

8  abandoned their argument about the merits of their wage statement claim, and now argue

9  Plaintiffs lack Article III standing to pursue this claim, and that after further review of the

10  evidence, the requirements of Rule 23 are not met with respect to this claim.

11     As set out in the Court's previous order, the legal basis for the parties' motion is

12  Federal Rule of Civil Procedure 23(c)(1)(C), which states, "[a]n order that grants or denies

13  class certification may be altered or amended before final judgment."  Fed. R. Civ. P.

14  23(c)(1)(C).  The standard for decertification is the same as it is with certification: "a

15  district court must be satisfied that the requirements of Rules 23(a) and (b) are met to allow

16  plaintiffs to maintain the action on a representative basis." *Makaeff v. Trump Univ., LLC*,

17  309 F.R.D. 631, 635 (S.D. Cal. 2015) (citing *Marlo v. United Parcel Serv., Inc.*, 639 F.3d

18  942, 947 (9th Cir. 2011)).  After reviewing the parties' renewed motion, the Court finds

19  the requirements of Rule 23 are no longer met with respect to the wage statement class.

20  Specifically, there is no commonality between the class members, as the class is currently

21  defined.  Of the current and former hourly technicians included in the current class, the

22  evidence reflects only eleven of them received a wage statement that did not comply with

23  the statute.  It appears the wage statements provided to the remaining class members were

24  compliant with the statute, which destroys any commonality between the class as a whole.

25     In light of this finding, IT IS HEREBY ORDERED:

26  1.     The parties' renewed motion to decertify the wage statement class is granted.

27  2.     The parties shall not be required to issue notice of decertification to the class

28  members, as there is no indication that class certification of Plaintiff's wage statement

2

1  claim received any publicity, notice of class certification was not disseminated to class

2  members, and there is no indication that any class member learned about Plaintiff's wage

3  statement claim or that the claim was certified.

4  3.      Within three days of the entry of this Order, the parties shall jointly submit to the

5  Court a proposed Scheduling Order regulating the completion and submission of settlement

6  papers and related approval motions and hearings, or a stipulated dismissal of this action.

7  Dated:  April 29, 2021

8  _____

9  Hon. Dana M. Sabraw, Chief Judge
   United States District Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18cv1922 DMS (AHG)